EFiled: Aug 19 2014 03:52PM EDT
Filing ID 55958615
Case Number 220 2014

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD C. BISSOON, | § | |
| | § | No. 220, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | |
| STATE OF DELAWARE | § | Cr. ID. No. 1212011142 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: July 25, 2014
Decided: August 19, 2014

Before **HOLLAND**, **RIDGELY** and **VALIHURA**, Justices.

### ORDER

This 19th day of August 2014, having carefully considered the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) On October 28, 2013, Harold C. Bissoon pled guilty to two counts of Robbery First Degree and one count of Conspiracy Second Degree. He had been indicted on several other counts. Following a presentence investigation, the appellant was sentenced as follows: Robbery First Degree—15 years at Level V suspended after 10 years for decreasing levels of supervision; Robbery First Degree—15 years at Level V suspended after 5 years for Level III probation;

Conspiracy Second Degree—2 years Level V suspended for 1 year Level II probation. The appellant did not appeal his sentence to this Court.

(2)     On March 24, 2014, the appellant filed a motion in the Superior Court for modification of sentence in which he sought to reduce his sentence to 8 years and to include participation in a drug treatment program. The Superior Court denied the appellant's motion. This is the appellant's appeal of the Superior Court's denial of his motion for modification of sentence.

(3)     This Court reviews a Superior Court's denial of a motion for modification of sentence for an abuse of discretion.[1]

(4)     "Delaware law is well established that appellate review of sentences is extremely limited. Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[2]

(5)     The sentence imposed pursuant to the plea agreement between the appellant and the State falls well within the statutory guidelines. Robbery First Degree, a Class B felony, exposes a defendant to between 2 and 25 years of Level V incarceration. Conspiracy Second Degree, a Class G felony, carries with it a potential sentence of 0 to 2 years in a Level V facility. Thus, the appellant's plea

---

[1] *Fassett v. State*, 23 A.3d 865 (Del. 2011) (Table); *Hickman v. State*, 839 A.2d 666 (Del. 2003) (Table).

[2] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992) (internal quotation marks omitted).

agreement exposed him to a potential sentence between 4 and 52 years. The Superior Court imposed a total of 32 years, suspended after serving 15 years. Thus, the appellant's sentence falls within the statutory guidelines.

(6)   The sentence was a product of a plea agreement and was supported by reasons justifying the sentence, including the appellant's prior violent criminal activity and his repetitive criminal conduct. Furthermore, the appellant provided no additional information that would warrant a sentence reduction. The sentence imposed by the Superior Court was thus an appropriate exercise of the court's discretion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

3